**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **CHARLOTTE KING,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.  2:05cv617 |
| | : | |
| **THE CITY OF CHESAPEAKE,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## OPINION AND ORDER

Judge Smith of this Court has observed that "[b]ecause injury to the mind or emotions can be easily feigned, actions for intentional infliction of emotional distress are not favored in Virginia," Michael v. Sentara Norfolk. Gen. Hosp., 939 F. Supp. 1220, 1233 (E.D. Va. 1996), and "the standard for negligent infliction of emotional distress is even more rigorous." Id. at 1234.  This case proves the accuracy of Judge Smith's observation.

Plaintiff Charlotte King ("King") alleges that she suffered emotional injury when the City of Chesapeake ("Chesapeake" or "the City") negligently allowed plaintiff's co-workers to harass her continually.  However, even assuming the alleged harassment occurred, plaintiff King has neither sufficiently alleged nor proffered evidence to prove the actual physical injury necessary to establish the tort of negligent infliction of emotional

distress.  See Contreras v. Thor Norfolk Hotel, L.L.C., 292 F. Supp. 2d 798, 802 (E.D. Va. 2003) ("In the Commonwealth of Virginia, a plaintiff may recover for the tort of negligent infliction of emotional distress only if [she] suffers a physical manifestation of [her] injury.").  The Court therefore **GRANTS** Chesapeake's Motion for Summary Judgment.  (Docket No. 30).

## Facts and Procedural History[1]

Plaintiff King, a woman of African-American descent, was employed as a Vocational Services Coordinator with the Chesapeake Community Services Board.  King alleges that she was harassed, both directly and indirectly, by several co-workers.  This harassment was ongoing and continuous, included racial epithets and slurs, and created a hostile work environment.  King resigned as a result of this hostility.  She also suffered from stress-related symptoms, such as migraine headaches, stomach pain, skin rash, and insomnia.

King brought this action, alleging constructive discharge,

---

[1] Because the Court grants Chesapeake's motion for summary judgment, the Court will state the facts, and the inferences reasonably drawn from those facts, in the light most favorable to King, the nonmoving party and plaintiff in the present case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Smith v. Continental Cas. Co., 369 F.3d 412, 417 (4th Cir. 2004); Nguyen v. CNA Corp., 44 F.3d 234, 237 (4th Cir. 1995).

discrimination, hostile work environment, and claims under the Virginia common law.  The Court previously dismissed with prejudice all of Kings claims[2] except a Virginia common law cause of action for negligent infliction of emotional distress.  By Memorandum Order dated May 12, 2006, the Court granted King leave to file an Amended Complaint "to plead with specificity any physical injury that she allegedly incurred as the natural result of fright or shock proximately caused by defendant's alleged negligence."  (Docket No. 23, at 2 (citing <u>Delk v. Columbia/HCA Healthcare Corp.</u>, 523 S.E.2d 826, 833-34 (Va. 2000))).

King filed her First Amended Complaint (Docket No. 27) on May 24, 2006.  The City answered and has now moved for summary judgment (Docket No. 30).  King did not respond to the City's motion.  As a result, it is uncontroverted[3] that King has a pre-existing history of migraine headaches and that the headaches are caused by sinus infections resulting from poor air quality.  (Docket No. 30, at 7).

---

[2]The Court dismissed King's claims of constructive discharge and age discrimination, and granted summary judgment on King's hostile work environment claim.  (Docket Nos. 17, 23, 24, & 28).

[3]<u>See</u> Local Civ. R. 56(B) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.").

## **Legal Standard**

When a defendant moves for summary judgment, the plaintiff must "go beyond the pleadings" and present affidavits or designate specific facts in depositions, answers to interrogatories, and admissions on file to establish a genuine issue of material fact. Celotex Corp., 477 U.S. at 324; see also M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1993); Parker v. Westat, Inc., 301 F. Supp. 2d 537, 540 (E.D. Va. 2004).  However, the nonmoving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of "some metaphysical doubt" concerning a material fact. See Anderson, 477 U.S. at 252; Matsushita, 475 U.S. at 586; Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002); Stone v. Liberty Mut. Ins. Co., 105 F.3d 188, 191 (4th Cir. 1997); Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc., 330 F. Supp. 2d 668, 671 (E.D. Va. 2004).  The evidence presented must be such that a reasonable jury could find in favor of the nonmoving party. Anderson, 477 U.S. at 252; Retail Servs. Inc. v. Freebies Publ'g, 364 F.3d 535, 542 (4th Cir. 2004); Tao of Sys. Integration, Inc., 330 F. Supp. 2d at 671.

**Analysis**

The common law tort of intentional infliction of emotional distress requires proof of willful or reckless conduct of such an outrageous character as to cause severe emotional distress. Michael, 939 F. Supp. at 1233-34.  To prevail on this cause of action, a plaintiff need only prove emotional injury "so severe that no reasonable person could be expected to endure it." Russo v. White, 400 S.E.2d 160, 163 (Va. 1991).  The tort of negligent infliction of emotional distress, by contrast, requires clear and convincing evidence of "'symptoms' or 'manifestations' of physical injury, not merely of an underlying emotional disturbance." Myseros v. Sissler, 387 S.E.2d 463, 466 (Va. 1990); Hughes v. Moore, 197 S.E.2d 214, 219 (Va. 1973).  For example, the requisite physical injury existed in a case where a defendant's negligence caused bipolar disorder, suicidal tendencies, and self-inflicted cutting wounds. Musselman v. Merck & Co., No. 1:06cv845, 2006 U.S. Dist. LEXIS 69135, at *13-14 (E.D. Va. Sept. 13, 2006) (Cacheris, J.).

The distinction between physical symptoms of emotional disturbance and actual physical injury is well illustrated by the Myseros case.  The plaintiff in Myseros was involved in a traffic accident on a major interstate highway.  Though the accident was minor, and he suffered no physical injury, standing in traffic on

5

a major highway proved quite harrowing.  After the incident, the plaintiff received psychiatric treatment and was diagnosed with post-traumatic stress disorder.  The disorder was accompanied by "sweating, dizziness, nausea, difficulty in sleeping and breathing, constriction of the coronary vessels, two episodes of chest pain, hypertension, unstable angina, an electrocardiogram showing marked ischemia, loss of appetite and weight, change in heart function, and problems with the heart muscle." Myseros, 387 S.E.2d at 465.  The Supreme Court of Virginia held that these complaints, which were supported by affidavits from treating physicians, were merely symptoms of an underlying emotional disturbance rather than the requisite symptoms or manifestations of a physical injury.  Id. at 466.

In this case, King's First Amended Complaint alleges that

> physical manifestations she suffered as a result of this stress include, but are not limited to: Migraine headaches, severe stomach upset [sic] she was experiencing including severe pain from acid reflux or ulcers, stomach cramps, and diarrhea as well as rash and pain on her face and acute insomnia.

(First Amended Complaint, Docket No. 27, ¶41).  These alleged symptoms are not of a nature deemed compensable under a claim of negligent infliction of emotional distress.  Virginia law requires actual physical injury as "the natural result of fright or shock proximately caused by the defendant's negligence," Hughes, 197 S.E.2d at 219, rather than mere symptoms of an underlying emotional disturbance.  Myseros, 387 S.E.2d at 466.

6

Plaintiff King admits in her Amended Complaint that the symptoms of which she complains are "a result of . . . stress." (Docket No. 27, ¶41). Stress is not a physical injury as defined by <u>Myseros</u>, but rather is an emotional disturbance. King's allegations therefore do not support a claim for negligent infliction of emotional distress.

Even if the allegations of the Amended Complaint were sufficient to plead the tort of negligent infliction of emotional distress, plaintiff King has not proffered evidence that would allow her to avoid summary judgment. By failing to respond to Chesapeake's Motion for Summary Judgment, King concedes that the "physical" symptoms enumerated in the Amended Complaint pre-dated the alleged harassment, and she has not produced any evidence whatsoever of other physical injury caused by the alleged harassment. As the non-moving party, plaintiff King must "go beyond the pleadings" and present affidavits or designate specific facts in depositions, answers to interrogatories, and admissions on file to establish a genuine issue of material fact. <u>Celotex Corp.</u>, 477 U.S. at 324. Her failure to do so is fatal to her claim.

## **Conclusion**

For these reasons, the Court hereby **GRANTS** Chesapeake's Motion for Summary Judgment (Docket No. 30), and **DISMISSES** this action **WITH PREJUDICE.**

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

                                          /s/
                                  Walter D. Kelley, Jr.
                            UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 26, 2007